IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 1:25-cv-181 |
| v. ) ) | **PARTIAL MOTION TO DISMISS** |
| SECURITY ASSURANCE MANAGEMENT, INC., ) ) ) ) | |
| Defendant. ) ) | |

COMES NOW Defendant Security Assurance Management, Inc. ("SAM"), by and through its attorneys and pursuant to Fed. R. Civ. P. Rule 12(b)(6)(1) and submits the following for its Partial Motion to Dismiss Plaintiff's Complaint.

**INTRODUCTION**

On or about January 21, 2025, Plaintiff U.S. Equal Employment Opportunity Commission filed a seven count Complaint against Defendant SAM asserting claims under the Pregnant Workers Fairness Act ("PWFA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"). The seven counts in the Complaint are: (1) Count One: Failure to Accommodate in Violation of the PWFA (42 U.S.C. § 2000gg-1(1)); (2) Count Two: Adverse Actions on Account of Requesting Reasonable Accommodations in Violation of the PWFA (42 U.S.C. § 2000gg-1(5)); (3) Count Three: Denial of Employment Opportunities Based on the Need to Make Reasonable Accommodations in Violation of the PWFA (42 U.S.C. § 2000gg-1(1)); (4) Count Four: Retaliation for Engaging in Protected Activities Under the PWFA (42 U.S.C. § 2000gg-2(f)(1)); (5) Count Five: Interference with Statutorily Protected Rights Under the PWFA (42 U.S.C. § 2000gg-2(f)(2)); (6) Count Six:

1

Discrimination on the Basis of Sex in Violation of Title VII (42 U.S.C. § 2000e-2(a)(1) as Amended by the PDA 42 U.S.C. § 2000e9k)); and (7) Count Seven: Retaliation for Engaging in Protected Activities in Violation of Title VII (42 U.S.C. § 2000e-3(a)).

Although Plaintiff has asserted seven separate claims, the alleged unlawful practices at issue in this matter are nearly identical within the seven counts along with the relief sought within each count. The claims are all also based on the same factor pattern set forth in Paragraphs 12-81 of the Complaint. Plaintiff alleges that Defendant SAM failed to provide her reasonable accommodations to meet her lactation needs and that she suffered adverse actions, including discipline and actual or constructive discharge, as a result of the failure to accommodate. *See* Complaint, Paragraphs 12-81.

For the reasons discussed below, Plaintiff's Complaint includes multiple duplicative, superfluous counts that should be dismissed from this matter in the interest of judicial economy.

## **STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## **ANALYSIS**

"As a matter of judicial economy, courts should dismiss [a] claim[ ]" if it is duplicative of another claim in the same suit. *Sandler v. Blinken*, 2022 WL 4547557, at *7 (D.D.C. Sept. 29,

2022) (dismissing claim based in part on finding that three of the theories that the plaintiff offered to prove her discrimination claim in Count I claim under the Rehabilitation Act are duplicative of her failure-to-accommodate claim in Count II), *citing Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010); *see also Iacangelo v. Georgetown Univ.*, 760 F. Supp. 2d 63, 66 (D.D.C. 2011); *and Presidential Bank, FSB v. 1733 27th St. SE LLC*, 271 F. Supp. 3d 163, 175 (D.D.C. 2017). "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Sandler v. Blinken*, 2022 WL 4547557, at *7 (D.D.C. Sept. 29, 2022); *see also Perez v. D.C. Dep't of Emp. Servs.*, 305 F. Supp. 3d 51, 59 (D.D.C. 2018) (dismissing duplicative "disparate treatment" claim under Title VII alleging the plaintiff was "subjected to unequal terms and conditions of employment" because of her race and national origin where Count I had already pled discrimination in violation of Title VII on the basis of race and national origin).

The PWFA was only recently enacted. The effective date of the PWFA is June 27, 2023. Furthermore, Congress did not apply the PWFA retroactively. *See Gossett v. Jason's Deli*, 2024 WL 4894146, at *8 (D. Neb. Nov. 26, 2024). As a result, there is very little case law interpreting the PWFA. Plaintiff seems to be taking this opportunity to determine how many separate PWFA claims can be asserted under the same set of facts seeking the same types of damages. More specifically, Plaintiff has excessively asserted five separate PWFA claims related to the same facts and same type of alleged harm. This has only led to duplication and confusion.

**A.    Count Two Should Be Dismissed As It Is Duplicative of Count Four And Already Encompassed Within Count One.**

Count Two (Adverse Actions on Account of Requesting Reasonable Accommodations in Violation of the PWFA) and Count Four (Retaliation for Engaging in Protected Activities Under the PWFA of Plaintiff's Complaint) both allege that Defendant SAM took unlawful actions against

3

Simone Cooper because she requested reasonable accommodations arising out of her pregnancy-related medical condition. (Compare ¶ 91 of Complaint to ¶ 105 of Complaint). Likewise, both Count Two and Count Four cite identical alleged unlawful actions taken against Plaintiff consisting of the following: "removing Cooper from the work schedule; disciplining her for absences caused by Defendant's failure to accommodate her lactation needs; and discharging her or, in the alternative, constructively discharging her by creating work conditions so intolerable that a reasonable person in Cooper's circumstances would have felt compelled to resign their employment." (Compare ¶ 92 of Complaint to ¶ 106 of Complaint).

Additionally, both Count Two and Count Four assert the alleged unlawful practices were intentional, "done with malice or with reckless indifference to the federally protected rights of Cooper", and, that as a result, "Cooper has suffered damages, including, but not limited to, lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, and other actual pecuniary and non-pecuniary damages." (Compare ¶¶ 94-96 of Complaint to ¶¶ 108-110 of Complaint).

In sum, Count Two and Count Four assert identical alleged unlawful practices of Defendant purportedly taken because of a request for reasonable accommodations arising out of a pregnancy-related medical condition and seek identical relief for the alleged unlawful actions. Additionally, the Complaint provides no separate legal standards to differentiate the claims. There is no legitimate purpose for proceeding under both claims. Thus, per controlling case law, these claims should be considered duplicative and one of the claims should be dismissed. Defendant submits that Count Two (Adverse Actions on Account of Requesting Reasonable Accommodations in Violation of the PWFA) should be dismissed as this claim with the more generic title is fully encompassed within the Count Four claim that includes a contention that Plaintiff was retaliated

4

against for engaging in the protected activity of requesting a reasonable accommodation. Moreover, there is redundancy between Count One (Failure to Accommodate in Violation of the PWFA) and Count Two inasmuch as in Count One Plaintiff is already alleging she was adversely affected and suffered damages due to the alleged failure of Defendant to provide her with a reasonable accommodation. Thus, Count Two is also encompassed by the allegations with Count One of Plaintiff's Complaint.

**B.    Count Five Should Be Dismissed As It Is Duplicative of Three And Counts Three And Five Should Both Be Dismissed Because They Are Encompassed Within Count One.**

Count Three (Denial of Employment Opportunities Based on the Need to Make Reasonable Accommodations in Violation of the PWFA) and Count Five (Interference with Statutorily Protected Rights Under the PWFA) are nearly identical from start to finish.

Count Three and Count Five cite identical alleged unlawful actions taken against Plaintiff consisting of the following: "forcing Cooper to call out of work on Saturdays due to Defendant's failure to accommodate her lactation needs; removing her from the work schedule; disciplining her for absences caused by Defendant's failure to accommodate her lactation needs; and discharging her or, in the alternative, constructively discharging her by creating work conditions so intolerable that a reasonable person in Cooper's circumstances would have felt compelled to resign their employment." (Compare ¶ 99 of Complaint to ¶ 113 of Complaint).

Additionally, both Count Three and Count Five assert the alleged unlawful practices were intentional, "done with malice or with reckless indifference to the federally protected rights of Cooper", and, that as a result, "Cooper has suffered damages, including, but not limited to, lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, and other actual pecuniary and non-pecuniary damages." (Compare ¶¶ 101-103 of Complaint to ¶¶ 115-117 of Complaint).

Thus, it is clear from review of the Complaint that Count Three and Count Five assert identical alleged unlawful practices of Defendant arising out of the same factual background, i.e. an alleged failure to provide reasonable accommodations to Cooper based on her lactation needs. Additionally, as is true with Count Two compared to Count Four, the Complaint provides no separate legal standards to differentiate the claims in Count Three and Count Five. Instead, Count Three makes a general reference to a denial of employment opportunities in violation of the PWFA and Count Five includes an extremely generic reference to interference with Cooper's exercise and enjoyment of her rights under the PWFA. This is a meaningless distinction and, as a result, there is no legitimate purpose for proceeding under both claims. If anything, the multitude of counts with identical allegations leads to confusion rather than clarity for the Parties and the Court, including confusion as to the elements applicable to these extremely similar claims. In fact, it is unclear to Defendant from the Complaint what Plaintiff considers to be the applicable elements for each of Plaintiff's five separate PWFA claims.

Therefore, Count Three and Count Five should be considered duplicative and one of the claims should be dismissed. Defendant submits that Count Five (Interference with Statutorily Protected Rights Under The PWFA) should be dismissed as this claim with the more generic title is fully encompassed within the Count Three allegations and request for relief. Count Five is also encompassed by Count One of the Complaint which asserts Plaintiff's core allegations that Defendant failed to provide Cooper with reasonable accommodations and this adversely affected her in several ways and caused her to suffer a variety of damages.

Moreover, Count Three is also a superfluous claim as Count One encompasses Plaintiff's Count Three contention that Defendant "deprive[d] Cooper of equal employment opportunities" as a result of the failure to accommodate Plaintiff. *See* Complaint, ¶ 86. In other words, Plaintiff

is asserting in Count One that one of the ways she was harmed and damaged by Defendant's alleged failure to accommodate her is that she was deprived of employment opportunities. Thus, it is Defendant's position that Plaintiff's full rights under the PWFA can be preserved simply through pursuing Count One and Count Four against Defendant SAM and that this will lead to judicial economy and less confusion of the issues for the Parties.

## CONCLUSION

For the foregoing reasons, Defendant SAM respectfully requests that this Court dismiss with prejudice Count Two, Count Three, and Count Five of Plaintiff's Complaint and provide any additional relief that this Court deems just and proper.

Respectfully submitted,

McMAHON BERGER, P.C.

/s/ Brian M. O'Neal
Brian M. O'Neal (admitted *pro hac vice*)
2730 North Ballas Road, Suite 200
St. Louis, MO  63131-3039
(314) 567-7350 – Telephone
(314) 567-5968 – Facsimile
oneal@mcmahonberger.com

and

/s/ Thomas B. Martin
Thomas B. Martin (DC Bar 503140)
MARTIN LAW PLLC
5028 Wisconsin Avenue, NW
Suite 100
Washington, DC 20016
(202)390-7802 - Telephone
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of March 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which sent notification of such filing to the following:

MARIA LUISA MOROCCO
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
EEOC Washington Field Office
131 M Street, N.E., Suite 4NWO2F
Washington, D.C. 20507
maria.morocco@eeoc.gov
Phone: (202) 419-0724
DC Bar No. 489956

CLARE J. HORAN
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office 801 Market Street, Suite 1000
Philadelphia, PA 19107-3127
clare.horan@eeoc.gov
Phone: (267) 589-9769
Fax: (215) 440-2606
MD Bar No. 2001060014

                                             /s/ Brian M. O'Neal