**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:25-cv-181** |
| | ) | |
| **v.** | ) | **REPLY IN SUPPORT OF** |
| | ) | **PARTIAL MOTION TO DISMISS** |
| **SECURITY ASSURANCE** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

COMES NOW Defendant Security Assurance Management, Inc. ("SAM"), by and through its attorneys and submits the following for its Reply in Support of Its Partial Motion to Dismiss Plaintiff's Complaint.

**A.  Defendant's Motion Should Be Heard And Ruled On Either As A 12(b)(6) Motion Or A Rule 12(c) Motion.**

Plaintiff spends several pages of its Opposition to Defendant's Partial Motion to Dismiss focused on technical arguments regarding Defendant's motion and whether the motion should be ruled on as a motion to dismiss. In this matter, Defendant responded to Plaintiff's Complaint in a timely manner without extensions and filed its Answer and Partial Motion to Dismiss on the same day within five minutes of each other.

Partial Motions to Dismiss create some uncertainty under the federal rules. "There is a difficulty in the interpretation of Rule 12 when a defendant files a motion permitted under Rule 12 that goes to some, but not all, of the claims in the complaint." *Rawson v. Royal Maccabees Life Ins. Co.*, 1994 WL 9638, at *1 (N.D. Ill. Jan. 11, 1994). The Federal Rules of Civil Procedure do not contain any provision allowing for partial answers, but, rather, the federal rules contemplate

that there will be but a single answer to a complaint, regardless of the number of claims that complaint may allege. *Id.* at *2; *see also Carlson v. U.S. Dept. of Educ.*, 2012 WL 4475300, fn. 3 (D. Minn. Aug. 9, 2012).

As a result of the aforementioned difficulty in the interpretation of Rule 12, Defendant filed a complete Answer contemporaneously with its Partial Motion to Dismiss as a matter of caution as it was important to Defendant to avoid any measure that could potentially lead to an argument that it filed an untimely Answer.

Although Fed.R.Civ.P. 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, nothing in the rule prohibits the filing of a motion to dismiss with an answer. *Beary v. W. Publ'g Co.*, 763 F.2d 66, 68 (2d Cir. 1985). Defendant submits that the Partial Motion to Dismiss and Answer filed within minutes of each other should be deemed to have been filed simultaneously and, thus, the motion should be viewed as a Rule 12(b)(6) motion. "[S]hould defendant file a Rule 12(b) motion simultaneously with his answer, the court will view the motion as having preceded the answer and thus as having been interposed in timely fashion." *See U.S. Fid. & Guar. Co. v. Bank of Bentonville*, 29 F. Supp. 2d 553, 555 (W.D. Ark. 1998), *citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 at 445 (2d ed.1990); *see also Beary v. W. Publ'g Co.*, 763 F.2d 66, 68 (2d Cir. 1985) ("A plaintiff is not prejudiced by the filing of such motions simultaneously with an answer, as was done here, and that very filing puts the plaintiff on notice that the defendant is not waiving its right to assert the motions.").

If this Court takes issue with the timing of the Partial Motion to Dismiss filed contemporaneously with the Answer, this Court appears to have several options including: (1) striking Defendant's Answer and permitting Defendant to Answer after ruling on Defendant's Partial Motion to Dismiss; (2) deeming Defendant's Partial Motion to Dismiss to be converted to

a Rule 12(c) Motion for Judgment on the Pleadings; or (3) permitting Defendant to refile its motion as a Rule 12(c) Motion for Judgment on the Pleadings.

As explained in more detail below, it matters not to Defendant which of the above options is taken by the Court. The pleadings should be viewed in the light most favorable to Plaintiff regardless of whether this is a 12(b)(6) motion or a Rule 12(c) motion. *See e.g., Douglas v. District of Columbia*, 605 F.Supp.2d 156 (D.D.C. 2009); *Jouanny v. Embassy of France in United States*, 280 F. Supp. 3d 3, fn. 2 (D.D.C. 2017); *and Langley v. Napolitano*, 677 F. Supp. 2d 261, 263 (D.D.C. 2010).

Moreover, "**Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings.**" *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) (emphasis added). "In this situation, we apply the same standards as under Rule 12(b)(6)." *Id*.; *see also Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir. 1990).

"In reviewing a Rule 12(c) motion filed by a defendant, the court applies the same standard that would apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp. 3d 596, 604 (W.D. Va. 2019), *citing PETA v. U.S. Dep't of Agric.*, 861 F.3d 502, 506 (4th Cir. 2017). Thus, the court may grant the Defendant's Rule 12(c) motion only "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Hardy*, 377 F. Supp.2d at 604-605, *citing PETA*, 861 F.3d at 506.

In light of the plain language of Rule 12(h)(2), the analysis should be the same whether this is considered a 12(b)(6) motion or a 12(c) motion. With respect to this particular lawsuit, the

issue remains the same regardless of whether this is a 12(b)(6) motion or a Rule 12(c) motion. The issue being whether Plaintiff can proceed in this matter on five separate Pregnant Workers Fairness Act (PWFA) claims based on the same fact pattern. For purposes of avoiding confusion and duplication, Defendant considers this to be an important matter to be addressed at the early stages of the litigation.

###    B.   Count Two Should Be Dismissed Or, In The Alternative, Judgment Should Be Entered In Favor of Defendant As to Count Two.

Plaintiff's Complaint includes 5 separate PWFA claims, including the following claims: (1) Count One: Failure to Accommodate in Violation of the PWFA (42 U.S.C. § 2000gg-1(1)); (2) Count Two: Adverse Actions on Account of Requesting Reasonable Accommodations in Violation of the PWFA (42 U.S.C. § 2000gg-1(5)); and (4) Count Four: Retaliation for Engaging in Protected Activities Under the PWFA (42 U.S.C. § 2000gg-2(f)(1)). With Plaintiff's five separate PWFA claims, Plaintiff seems to be utilizing this lawsuit as an attempt to test the boundaries of how many separate PWFA causes of action can be brought within one lawsuit.

Plaintiff contends that Count II is not duplicative of or redundant of Count IV and Count I. Plaintiff's Count II claim titled "Adverse Actions on Account of Requesting Reasonable Accommodations in Violation of the PWFA" is on its face generic. Plaintiff does not cite to any cases recognizing such a standalone claim under the PWFA. Plaintiff compares her separate PWFA claims to claims available under Title VII without ever acknowledging that Count II would be similar to a party trying to bring a separate Title VII claim asserting adverse actions in violation of Title VII when it already has separate counts alleging discrimination and retaliation in violation of Title VII. Such a claim is duplicative, inconsequential, and unhelpful to the parties and the Court in proceeding with the case.

Defendant further highlights that Plaintiff wants this Court to take a very rigid rather than a practical approach to determining whether any of Plaintiff's claims should be considered duplicative and subject to dismissal. A rigid approach is not consistent with the approach that has been taken by this Court in eliminating claims that clearly stem from the same issues that underpin a failure to accommodate claim. *See e.g. Foster v. Driscoll*, No. CV 23-1409 (AHA), 2025 WL 1100028, at *4 (D.D.C. Apr. 14, 2025) ("It appears Foster's disparate treatment and retaliation claims stem largely, if not exclusively, from the same frustrations with the accommodation process that underpin her failure to accommodate claim, as those facts make up the entirety of the complaint's factual allegations. Insofar as that is the case, Foster's disparate treatment claims are dismissed as duplicative.").

The Count II claim is so generic and similar to other claims in the Complaint that Defendant has had difficulty determining the legitimate purpose of Plaintiff trying to make this a separate claim and whether it should be considered a discrimination claim or just another retaliation claim like in Count IV. This is especially true considering the lack of relevant case law interpreting the PWFA. As a result of the uncertainty, Defendant compared Count II to both Count IV and Count I in its Partial Motion to Dismiss.

As set forth in its Partial Motion to Dismiss, Count II and Count IV are nearly identical and Count II reads more like a retaliation claim than a discrimination claim in contending that Defendant has taken adverse actions against Cooper "on account of her requesting reasonable accommodations." *See* Complaint of ¶ 92. Count IV similarly asserts that requesting reasonable accommodations is a protected activity under the PWFA and that Plaintiff retaliated against her for engaging in this protected activity. *See* Complaint ¶¶ 105-106. Thus, based on the logical

interpretation of the actual wording utilized in Count II, it is clearly duplicative of and/or wholly encompassed by Count IV and should be dismissed.

Plaintiff points out that it alleged other protected activity within Count IV. However, this does not change the fact that both Count II and Count IV allege that the same adverse actions were taken against Plaintiff because she requested a reasonable accommodation. Both of these claims rise and fall on the same legal issue and standard – did Defendant take adverse actions against Plaintiff because she requested a reasonable accommodation. *See Bailey v. Fed. Bureau of Prisons*, No. CV 24-1219 (PLF), 2025 WL 1085178, at *16 (D.D.C. Apr. 11, 2025) (finding two claims duplicative where "both Ms. Bailey's First Amendment claim and her First Amendment retaliation claim rise or fall on the same legal issue and associated standard: whether the BOP's restriction of her TRULINCS access was valid.").

This renders Count II and Count IV duplicative for all legitimate intents and purposes. Count II provides no value separate and apart from Count IV. Plaintiff has failed to provide a legitimate explanation as to any potential purpose or benefit to having two separate claims alleging adverse actions were taken against Cooper because she requested a reasonable accommodation.

Plaintiff is not contending that she should be able to bring two separate PWFA retaliation claims against Defendant within the same lawsuit. Instead, Plaintiff is adjusting to Defendant's Partial Motion to Dismiss by contending that Count II should actually be construed as a separate type of discrimination claim under the PWFA rather than a retaliation claim and Count IV should be construed as the retaliation claim. This is a meaningless label or distinction in this case because, as indicated above, Count II and Count IV as pled will rise and fall on the same legal issue and standard.

In the alternative, assuming *arguendo*, but incorrectly, that Count Two is a discrimination claim under the PWFA sufficiently distinct from Count Four, it is clearly redundant of and/or encompassed by Count One. Count One is a claim alleging failure to accommodate in violation of the PWFA and reads like a broad discrimination claim in indicating that unlawful practices of Defendant included failing to accommodate Plaintiff and that Plaintiff has been adversely impacted by the unlawful practices of Defendant. Failure to accommodate claims are discrimination claims. *See Gordon v. District of Columbia*, 480 F. Supp. 2d 112, 118 (D.D.C. 2007) ("A failure-to-accommodate claim under the ADA is derived from the statute's definition of discrimination, which includes 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee.' ").

Count One includes very broad language that "[t]he effect of the practices complained of above has been to deprive Cooper of employment opportunities and to otherwise adversely affect her status as an employee on account of the known limitations related to affected by, or arising out of her pregnancy-related medical condition." Furthermore, Count One includes the same alleged damages as the damages sought within Count Two and Count Four. (Compare ¶ 89 of Complaint to ¶¶ 96 and 110).

Thus, Plaintiff's Count Two claim is subject to dismissal as duplicative of and/or encompassed by Count Four. In the alternative, Count Two is encompassed by the Count One discrimination claim in Plaintiff's Complaint. Otherwise, it sets the stage for plaintiffs to be able to bring not just broad discrimination and retaliation claims under the PWFA as in Count One and Count Four here, but also a generic adverse action claim that a plaintiff could seemingly contend

is more akin to either a retaliation or a discrimination claim as is convenient for the plaintiff in the case at issue.

### C. Counts Three and Five Should Be Dismissed Or, In The Alternative, Judgment Should Be Entered In Favor of Defendant As to Counts Three and Five.

As reflected in Defendant's Partial Motion to Dismiss, Count Three (Denial of Employment Opportunities Based on the Need to Make Reasonable Accommodations in Violation of the PWFA) and Count Five (Interference with Statutorily Protected Rights Under the PWFA): (1) cite identical alleged unlawful actions taken against Plaintiff; (2) arise out of the same factual background; (3) allege the unlawful actions were intentional behavior done with malice; and (4) seek the same exact damages. (Compare ¶¶ 101-103 of Complaint to ¶¶ 115-117 of Complaint). Thus, as pled, Count Three and Count Five involve the same legal issues and are duplicative for all intents and purposes.

With respect to these nearly identical claims, the fact that Count Three provides a conclusory statement that "Defendant has denied Cooper employment opportunities based on the need to make reasonable accommodations" and Count Five provides a conclusory statement that "Defendant interfered with Cooper's exercise and enjoyment of her rights under the PWFA" does not provide a good reason that Plaintiff should be able to proceed with both claims. The conclusory statements are not fleshed out in any way. Conclusory statements are insufficient for purposes of surviving a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Count Five is completely subsumed by Count Three. If there was a finding that Defendant denied Cooper employment opportunities based on a need to make reasonable accommodations it would clearly mean that there was some form of interference with Cooper's exercise and enjoyment of her rights under the PWFA. Stated another way, Plaintiff provides no allegations within Count Five that meaningfully and coherently distinguish this claim from her other claims.

Instead, Plaintiff just inserts catch-all "interference" language into Count Five without any elaboration whatsoever.

Furthermore, Counts One, Three, and Five represent an attempt to bring three separate PWFA claims when the alleged failure to accommodate and the alleged consequences of the failure to accommodate underly all three of the claims. It is still unclear as to how the elements of the 5 separate PWFA claims would be meaningfully different in this matter. The parties will be left with a jumbled mess to figure out later if this case proceeds to a trial and jury instructions need to be submitted to a jury on five separate PWFA claims. In light of the lack of case law approving of Plaintiff's attempt to bring five separate PWFA claims based on the same underlying facts, Plaintiff seems to be speculating as to how the claims can be considered separate causes of action as currently pled. In fact, Plaintiff's Memorandum contains a confusing footnote 3 indicating "the EEOC reserves the right to assert additional or separate legal theories as the case develops . . .."

As indicated in Defendant's Partial Motion to Dismiss, the Count Five interference claim is also encompassed by Count One of the Complaint which reads as a broad discrimination claim and asserts Plaintiff's core allegations that Defendant failed to provide Cooper with reasonable accommodations, that this adversely affected her in several ways, that Defendant's actions were intentional, and that Defendant's actions caused her to suffer a variety of damages. Furthermore, Count Three is fully encompassed by Plaintiff's Count One contention that Defendant "deprive[d] Cooper of equal employment opportunities" as a result of the failure to accommodate Plaintiff. *See* Complaint, ¶ 86. Plaintiff is already asserting in Count One that one of the ways she was harmed and damaged by Defendant's alleged failure to accommodate her is that she was denied employment opportunities.

*Sandler v. Blinken*, which was cited in Defendant's Partial Motion to Dismiss, is on point as to the duplicative nature of Plaintiff's claims. In *Sandler*, the Court found that three of the theories that the plaintiff offered to prove her discrimination claim in Count One under the Rehabilitation Act were duplicative of her failure-to-accommodate claim in Count Two. *See* 2022 WL 4547557, at *7 (D.D.C. Sept. 29, 2022) (dismissing any intentional discrimination or retaliation claims under the Rehabilitation Act as duplicative of failure-to-accommodate claim). Similarly, in this case, Plaintiff's claims of intentional discrimination and/or retaliation in Count Three and Count Five are duplicative of Plaintiff's Count One failure to accommodate claim. For the reasons discussed in the Partial Motion to Dismiss and this Reply, Plaintiff can secure full relief and full protection of Cooper's rights through a Count One failure to accommodate discrimination claim and the Count Four retaliation claim.

Therefore, for the foregoing reasons, Count Three and Count Five should be dismissed, or, in the alternative, judgment should be entered in favor of Defendants as to these counts.

## CONCLUSION

For the foregoing reasons and those set forth in its Partial Motion to Dismiss, Defendant SAM respectfully requests that this Court dismiss with prejudice Count Two, Count Three, and Count Five of Plaintiff's Complaint or, in the alternative, grant judgment in Defendant's favor as to these claims, and provide any additional relief that this Court deems just and proper.

Respectfully submitted,

McMAHON BERGER, P.C.

/s/ Brian M. O'Neal
Brian M. O'Neal (admitted *pro hac vice*)
2730 North Ballas Road, Suite 200
St. Louis, MO 63131-3039
(314) 567-7350 – Telephone
oneal@mcmahonberger.com

and

/s/ Thomas B. Martin
Thomas B. Martin (DC Bar 503140)
MARTIN LAW PLLC
5028 Wisconsin Avenue, NW
Suite 100
Washington, DC 20016
(202)390-7802 - Telephone
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which sent notification of such filing to the following:

MARIA LUISA MOROCCO
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
EEOC Washington Field Office
131 M Street, N.E., Suite 4NWO2F
Washington, D.C. 20507
maria.morocco@eeoc.gov
Phone: (202) 419-0724
DC Bar No. 489956

CLARE J. HORAN
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office 801 Market Street, Suite 1000
Philadelphia, PA 19107-3127
clare.horan@eeoc.gov
Phone: (267) 589-9769
Fax: (215) 440-2606
MD Bar No. 2001060014

/s/ Brian M. O'Neal